**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL-CHARLES:, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-CV-2-SNLJ |
| | ) | |
| HANNAH KAY PENDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff "Michael-Charles:" (hereafter "plaintiff") for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard**

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff identifies himself as "a man: Michael-charles:, sui juris, jus soli, acting as petitioner." (ECF No. 1 at 2). Throughout the complaint he refers to himself as "petitioner." He filed the complaint pursuant to 42 U.S.C. § 1983 against Hannah Kay Pender, Judge Steven Lynxwiler, Mary Godsy, and Nick Bratton. His claims stem from events that occurred beginning on May 8, 2021, when Bratton, a deputy sheriff, issued plaintiff two traffic citations, and judicial proceedings commenced.

Review of the publicly-available records in those proceedings, *Ellsinore v. Michael Charles Anthony Walsh,* No. 191088178 (37th Jud. Cir. 2021), shows as follows. On May 27, 2021, Pender, a prosecuting attorney, filed an Information by Citation to charge plaintiff in connection with the above citations. Judge Lynxwiler initially served as the presiding judge, and

2

according to plaintiff's allegations in the instant complaint, Godsy served as an Ellsinore Municipal Court clerk. At present, the matter is set for a hearing on February 18, 2022.[1]

Plaintiff avers he brings the case at bar to ask this Court to grant him "relief from harm by way of trespass through the denial of unalienable rights that the defendants mentioned herein have caused." (ECF No. 1 at 2). Condensed and summarized, his allegations are as follows. Plaintiff was traveling in his "private capacity" on or about May 8, 2021 when Bratton issued him two "traffic citations, contracts, or securities" for driving while revoked, and failure to register a motor vehicle. *Id.* When plaintiff later read the "citations, contracts/securities," he discovered that Bratton had "falsely" identified him "as the fictitious person, named MICHAEL CHARLES ANTHONY WALSH. That this person does not exist in physical form, and is a fictitious entity." *Id.* at 3 (emphasis in original). Plaintiff explains that Michael Charles Anthony Walsh is "a person of no actual substance, an imaginary creature," while plaintiff himself "is not a person but merely a man under no public title(s), hence a sovereign american [*sic*]." *Id.* Plaintiff writes:

> This petitioner does not operate in commerce nor does he possess any contract with the missouri [*sic*] department of revenue wherein he would be required to be in possession of a driver's license number or have been issued the driver's license number [omitted]. As such these citations are false in the very essence of the word. That Bratton did falsely identify the petitioner and has caused the petitioner harm. By falsely identifying petitioner as a person and not the sovereign american [*sic*] that he is, Bratton attempted to force the petitioner into Bratton's jurisdiction depriving the sovereign of his unalienable rights of life, liberty, and the pursuit of happiness.

*Id.* at 4.

---

[1] This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

3

On June 2, 2021, plaintiff "deposited with the court clerk's office, the contract/securities in question, stating; 'refusal for cause. Refused UCC 1-308 without dishonor. No agreement of the parties,' written across the citations, contracts/securities, voiding the aforementioned contracts, securities/citations and voiding any/all obligations of the petitioner." *Id.* at 5. Even though plaintiff had "voided" his obligations as to the citations, Godsy did not note plaintiff's refusal on the court's records and close the case. Plaintiff claims Godsy therefore "failed in her duties as the elected clerk and caused this petitioner harm as his time, energy, and efforts" were required to appear and defend himself in the case. *Id.* Godsy also failed to transmit a notice of appeal to the "missouri [*sic*] supreme court of appeals." *Id.* at 10. Plaintiff claims Judge Lynxwiler engaged in various forms of wrongdoing while presiding over his case. Briefly, plaintiff claims Judge Lynxwiler practiced law from the bench by entering a not guilty plea on plaintiff's behalf, denied plaintiff a jury trial, did not let him enter a counterclaim, and repeatedly failed to dismiss his case. The complaint continues in this manner.

Plaintiff claims "the defendants in this cause are conspiring against this petitioner to deny him of his rights to stand as a man and not under any title, to carry on his business in private as he may see fit." *Id.* at 10. Plaintiff provides a summary of his claims in which he avers Bratton is liable to him because he "falsely identified petitioner as a false and fictitious person in order to unlawfully generate revenue" for the municipality; Pender is liable to him because filing the Information amounted to "fraud upon the court;" Godsy is liable to him for "allowing the fraud to be placed on the court record and frivolous proceedings initiated; and Judge Lynxwiler is liable because he "denied justice by practicing law from the bench" and did not grant plaintiff relief. *Id.* at 13-15. He seeks monetary relief, an apology, and an order prohibiting the defendants from having contact with him for any reason.

Plaintiff has recently initiated other civil actions *pro se* and *in forma pauperis* in this United States District Court, all of which were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Walsh v. Wayne County Jail,* No. 1:21-CV-125-SNLJ (E.D. Mo. Sep. 22, 2021) (dismissing plaintiff's claims that his constitutional rights were violated at the jail); *Walsh v. Carter County Circuit Court,* No. 1:21-CV-127-SNLJ (E.D. Mo. Oct. 13, 2021) (dismissing plaintiff's claims that, *inter alia*, the Carter County Circuit Court was operating in a for-profit capacity instead of a judicial capacity and was violating his due process rights); and *Walsh v. Privette, et al.,* No. 1:21-CV-149-ACL (E.D. Mo. Oct. 21, 2021) (dismissing plaintiff's claims that, *inter alia*, a judge threatened and intimidated him, and the Howell County Circuit Court was a foreign entity and was engaging in acts of war against the states).

## Discussion

To the extent plaintiff can be understood to sue the defendants in their individual capacities, the complaint is subject to dismissal. Plaintiff seeks damages from Bratton for wrongfully detaining him and issuing him two traffic citations, and he seeks damages from the remaining defendants for alleged wrongdoing committed during the course of the judicial proceedings that followed. Plaintiff offers no non-frivolous allegations in support of his claims against any of the defendants. Instead, his claims are based upon his assertion that he is a sovereign, and the law therefore does not apply to him and the courts lack jurisdiction over him. Such allegations of sovereignty and exemption from jurisdiction have been rejected as frivolous in this Circuit and other federal courts around the nation, and they are rejected in this case as well. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir.

5

2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous).

Additionally, Judge Lynxwiler, Pender and Godsy are immune from suit. Plaintiff seeks damages against Judge Lynxwiler for allegedly unlawful actions that were judicial in nature. As plaintiff was a defendant in a case over which Judge Lynxwiler presided, he clearly dealt with Judge Lynxwiler in his judicial capacity. Other than his frivolous assertions of sovereignty, plaintiff alleges nothing permitting the inference that Judge Lynxwiler acted in the absence of jurisdiction. Judge Lynxwiler is therefore immune from suit. *See Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976) (citing *Pierson v. Ray*, 386 U.S. 547 (1967) (Judges are absolutely immune from civil lawsuits based on alleged judicial misconduct)); *see also Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020) (noting that judicial immunity provides judges with immunity from suit).

Plaintiff seeks damages against Pender for allegedly wrongful actions she committed in the course of initiating and pursing a prosecution. However, prosecutors are immune from such claims. *See Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (noting that absolute immunity covers prosecutorial functions such as the initiation and pursuit of a prosecution, presentation of the State's case, and "other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same). Plaintiff seeks damages from Godsy, a court clerk, for alleged wrongs she committed in the course of performing tasks that are an integral part of the judicial process, and for allegedly failing to submit a notice of appeal to the "missouri [*sic*] supreme court of appeals." (ECF No. 1 at 10). Plaintiff offers no non-frivolous assertions that Godsy acted in the absence of jurisdiction. Godsy is immune from plaintiff's claims. *See Boyer v. County of Washington,* 971 F.2d 100, 101

(8th Cir. 1992) (internal quotations marks and citation omitted) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction"), *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *see also Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity).

Plaintiff also states he brings this action pursuant to certain sections of Title 18 of the U.S. Code. However, plaintiff does not have a legally cognizable interest in having another person arrested or charged with a crime, or to have a crime investigated. In addition, this Court cannot compel a criminal prosecution. *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo.), aff'd, 658 F.2d 608 (8th Cir. 1981) ("It is well settled that initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch not subject to judicial compulsion."); *see also* 28 U.S.C. § 547(1). Finally, to the extent plaintiff can be understood to sue any defendant in an official capacity, thereby bringing a claim against the municipality that employs him or her, the complaint fails to state a viable municipal liability claim. *See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978). For all of the foregoing reasons, the Court concludes the complaint is frivolous and fails to state a claim upon which relief may be granted, and will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.   A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this _16th_ day of February, 2022.

_____

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE